IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHANEY NORVELL,

       Petitioner,                      No. CIV-S-11-0810 GGH P

   vs.

CDCR CORRECTIONAL OFFICERS,[1]

       Respondents.            FINDINGS & RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although petitioner has not filed a properly completed in forma pauperis affidavit or paid the required filing fee ($5.00), see 28 U.S.C. §§ 1914(a); 1915(a), because the petition is unexhausted on the face of it, the court will not

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989)." Stanley, supra, at 360. In the instant action, petitioner has improperly named the California Department of Corrections and Rehabilitation correctional officers, rather than the warden of facility wherein he is incarcerated, as respondent. Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent. Failure to do so may result in the dismissal of the petition with leave to amend. See Stanley, 21 F.3d at 360.

1

require more with regard to the filing fee or petitioner's possible in forma pauperis status.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner indicates he received a one-year sentence with 140 days of credit from a state court on either January 20, 2011 or February 20, 2011. Petition, pp. 1, 4. Petitioner then references a 120-day credit loss he suffered on December 28, 2011 [sic] and another such loss on February 28, 2011. Id., at 4. Petitioner does not provide the basis for either credit loss or indicate that he is challenging a particular prison disciplinary action. In any event, however, the court does not find that petitioner should be granted leave to amend as a review of the petition indicates that petitioner has not presented any claims as to either of these credit losses to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to him. Accordingly, the petition should be dismissed without prejudice.[2]

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  fourteen days after being served with these findings and recommendations, any party may file
2  written objections with the court and serve a copy on all parties.  Such a document should be
3  captioned "Objections to Findings and Recommendations." Any reply to the objections shall be
4  served and filed within fourteen days after service of the objections.  The parties are advised that
5  failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: April 27, 2011                     /s/ Gregory G. Hollows

                                                   GREGORY G. HOLLOWS
                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
norv0810.104